IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILLY RELL MILES | § | |
|     TDCJ-CID #695744 | § | |
| V. | § | C.A. NO. C-04-509 |
| | § | |
| JAMES ZELLERS, ET AL. | § | |

## ORDER OF DISMISSAL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* (DE #7), though his action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's claims against defendants are dismissed with prejudice as barred by limitations and for failure to state a claim and/or as frivolous.

## I. JURISDICTION

Jurisdiction to file this civil rights action is found at 28 U.S.C. § 1331. Plaintiff consented to proceed for before a magistrate judge, DE #10, and by order entered November 3, 2004, the case was reassigned to the undersigned to conduct all future proceedings, including the entry of final judgment. DE #12.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the Lynaugh Unit in Fort Stockton, Texas. In his original complaint, DE #1, and more definite statement, DE #16, plaintiff claims that in 1996, defendant James Zeller, a warden at the Garza East Transfer Unit, and Gary Johnson, the former director of the TDCJ-CID, denied him access to the courts by refusing to provide him with indigent legal supplies and refusing to process his mail for three to four months. He claims that on November 4, 1996, an envelope containing a legal document was not mailed and was returned for exceeding the postage limit. Plaintiff claims that defendant Johnson was aware of Zeller's "illegal act," and failed to correct the problem. He seeks 3 million dollars in damages, or alternatively, credit on his sentence or a pardon.

## III. DISCUSSION

**A.   Statute of limitations.**

Plaintiff challenges events alleged to have occurred over eight years ago.

"Because no federal statute of limitations exists for section 1983 suits, federal courts borrow the forum state's general or residual personal injury limitations period." Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). In Texas, the applicable limitations period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a)[1]; Rodriguez, 963 F.2d at 803. The forum state's tolling provisions are applied unless they are inconsistent with federal law. Slack v. Carpenter, 7 F.3d 418, 420 (5th Cir. 1993). Time during which administrative remedies are pursued tolls the limitation period. Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999); Gartrell v. Gaylor, 981 F.2d 254 (5th Cir. 1993).

---

[1] "[A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a).

2

Accrual of a § 1983 claim is governed by federal law. Rodriguez, 963 F.2d at 803. A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir.1998).

Plaintiff has attached to his original complaint copies of prison grievances dated in October and November 1996, complaining of the postage limit. There is no dispute that he was aware of his claims at that time, and as such, his claims accrued in the fall of 1996. He filed the instant complaint on September 7, 2004. In his more definite statement, plaintiff explains that he did not file his federal lawsuit earlier because he pursued his claims against Zeller and Johnson in state district court. At a telephone conference held on March 10, 2005, plaintiff stated that he believe he needed to "exhaust" his constitutional claims in state court.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such *administrative* remedies as are available are exhausted" (emphasis added). A prisoner must exhaust administrative remedies for lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002). In the Texas Department of Criminal Justice–Correctional Institutions Division, inmates follow a two-step process to exhaust their remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998); TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Administrative Directive No. AD-03.82 (rev. 3) (Aug. 1, 2002). An inmate must proceed through all available steps in the institutional system. Wright, 260 F.3d at 358.

Plaintiff's claims challenging his conditions of confinement concerning his mail were properly exhausted via the TDCJ-CID grievance system. Plaintiff, however, then pursued those same claims in state court. Ostensibly not satisfied with the state court decision(s), he filed the instant federal

complaint, which is effectively a "second bite" at the apple, and is untimely under Texas' statute of limitations. Finding his claims barred by limitations, they are dismissed.

**B.      Failure to state a claim.**

Even if the plaintiff's claims were timely filed, the claims are without merit. Plaintiff alleges he was denied access to the courts when defendants denied him indigent supplies and failed to process his mail for 3 to 4 months.

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351, 116 S.Ct. at 2182). To show a denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury". Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

In his amended complaint, DE #22, plaintiff claims that defendants' actions caused a delay in mailing his habeas corpus petition such that he was deprived of "approximately two (2) months of his 1-year under 28 U.S.C. § 2244(d)." He claims that, without this additional two months time period, his habeas petition is time-barred.

Plaintiff does not identify a specific habeas petition or provide any details concerning when or if it was filed and when or if it was denied. He does not claim whether he argued for equitable tolling. Moreover, even if defendants' actions caused two months delay, plaintiff still had 10 months to file timely his federal petition. Plaintiff's conclusory allegations fail to state a claim of denial of access to the courts, and are frivolous. Similarly, to the extent plaintiff claims that defendants' actions denied plaintiff equal protection or violated the Fifth Amendment, he offers no facts to support such allegations. Although *pro se* complaints are held to less stringent standards, a *pro se* plaintiff's

"conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to prevent dismissal. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). Plaintiff's claims are dismissed as frivolous and for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's claims are dismissed as barred by limitations, and alternatively, are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e), 1915A, for failure to state a claim and as frivolous.

ORDERED this 9th day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE